Kate Doud, Respondent, *v.* Josephine R. Holmes, Administratrix, etc., Appellant.

(Argued December 6, 1875; decided December 14, 1875.)

This action was brought to recover a sum of money alleged to have been placed in the hands of defendant's intestate to be invested for the benefit of plaintiff.

Said intestate was the grandfather of plaintiff. He received the money in question from plaintiff's brother to be invested for her benefit. He also received a like sum to be invested for the benefit of a sister of plaintiff's. With these sums and a much larger sum furnished by himself he purchased a house and lot for the use and occupancy of plaintiff's mother and family. He took a contract therefor, however, in his own name. From the time of the purchase the house and lot were occupied by plaintiff, her mother and sister, without any rent charge; and after the decease of defendant's intestate, by the consent of his heirs at law, the premises were conveyed to plaintiff's sister, subject to plaintiff's interest therein. Prior to this plaintiff had assigned her interest in the premises to her mother who assigned to the sister, but the court found that at the time of the assignment plaintiff supposed that the

contract had been assigned to her and her sister. There was no finding that plaintiff knew of the investment, or assented to it, after she became of age. She testified that she did not know it. *Held,* that the investment was not in execution of the trust or in discharge of the trustee; that the trustee could not mingle the trust funds with his own and invest them in common and require the *cestui que trust* to accept an undivided interest in the investment. And in the absence of a finding that she had ratified, after she became of age, this use of the money, or done any act recognizing the transaction as for her benefit, she was entitled to recover.

*M. M. Waters* for the appellant.

*Duell & Foster* for the respondent.

ALLEN, J., reads for affirmance.
All concur.
Judgment affirmed.